IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG A. JENKINS, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-1636 |
| MICHAEL ASTRUE, Commissioner of the Social Security Administration, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Paul Burkhalter, counsel for the plaintiff, Craig Jenkins, moved for an attorneys' fee award under 28 U.S.C. § 406(b). Burkhalter seeks $35,000.00 for his work representing Jenkins in claiming disability insurance benefits under the Social Security Act. (Docket Entry No. 16). The defendant responded, not taking a position on the request, but providing authorities for guidance to the court. (Docket Entry No. 17).

This court remanded the case to the Commissioner. The remand resulted in a past-due benefits award of $173,665.92. "Attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal. For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court." *Horenstein v. Sec'ty of Health and Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). "[E]ach tribunal may award fees only for the work done before it . . . . [I]n cases where the court remands the case back to the Secretary for further proceedings, the court will est the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the

Secretary deems reasonable for the work performed on remand and prior administrative proceedings." *Id.* The fee awarded may not exceed 25% of the past-due benefits. *Rice v. Astrue*, 609 F.3d 831, 837 (5th Cir 2010).

Jenkins entered into a contingent-fee agreement with his attorney for representation in this court. The agreement called for a fee payment in the amount of 25% of the past-due benefits awarded. The Supreme Court has held that "[section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). Burkhalter's submissions include a detailed itemization of the hours he spent and the work he did representing Jenkins in this court.

The court finds that the contingent-fee agreement for 25% is within the statutory cap. The amount requested is 20% of the past-due benefits awarded. Burkhalter spent 42 hours representing Jenkins in this court and has submitted the documentation to show the time spent and the work pursued. The work and time were reasonable. Burkhalter provided effective representation that secured Jenkins both past-due benefits and the right to benefits in the future. In light of the benefits conferred and the contingent nature of the fee, the fee-award sought would not represent a windfall for Burkhalter, even considering the usual noncontingent hourly rate Burkhalter charges for non-Social Security matters.

Jenkins has already been awarded his attorney's fees under the EAJA. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller

fee.'" *Gisbrecht*, 535 U.S. at 796. Jenkins was previously awarded $7,569.98 under the EAJA for representing Jenkins in the same court proceedings. The fee award in this order must be offset by a refund to Jenkins of the lesser fee amount, $7,569.98.

The motion for an award of attorney's fees is granted. Counsel for plaintiff is awarded attorney's fees in the amount of $35,000.00, with a credit to be given to the plaintiff in the amount of $7,569.98 for fees previously paid to counsel under the EAJA. The defendant is ordered to certify for payment to Jenkins's counsel, Paul Burkhalter, $35,000.00, to be paid out of the past-due benefits.

SIGNED on June 2, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge